FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

OCT 29 2018

PER _____ /s/ _____
DEPUTY CLERK

(1) Gordon C. Reid    02540-049
(Name of Plaintiff)    (Inmate Number)
USP Lewisburg
P.O. Box 1000, Lewisburg, PA 17837
(Address)

(2) Not Applicable
(Name of Plaintiff)    (Inmate Number)

Not Applicable
(Address)

(Each named party must be numbered,
and all names must be printed or typed)

vs.

(1) Mark Inch, Director

(2) David F. Ebbert, Warden

(3) First Name Unknown (FNU) F. Rhodes, Captain
(Names of Defendants)
*CONTINUED ON ATTACHMENT PAGE 1A
(Each named party must be numbered,
and all names must be printed or typed)

3:18-CV-2101
(Case Number)

CIVIL COMPLAINT

TO BE FILED UNDER: _____ 42 U.S.C. § 1983 - STATE OFFICIALS
                     (4) ✓ 28 U.S.C. § 1331 - FEDERAL OFFICIALS
                     CONTINUED ON ATTACHMENT PAGE 1A

I.  PREVIOUS LAWSUITS

   A.  If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

   (1) Reid v. State of New Hampshire, et al., 1:89-CV-152-SM (D. NH 1989) Steven McAuliffe, U.S. Dist. Judge; (2) Reid v. Strafford Cty. Dept. of Corr., No. 1:06-CV-182-SM (D. NH); Steven McAuliffe, U.S. Dist. Judge; (3) Reid v. United States, No. 5:12-CV-1416-M (W.D. OK)

   CONTINUED ON ATTACHMENT PAGE 1A

ATTACHMENT (cont. from page 1)

To Be Filed Under

(2) *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971);

(3) 5 USC § 702, the Administrative Procedure Act;

(4) 28 USC § 1361, an Action to Compel an Officer of the United States to Perform His Duties Act;

(5) 28 USC § 1651, the All Writs Act; and

(6) 28 USC § 2201, the Declaratory Relief Act; and

(7) 28 USC § 2202, the Further Relief Act;

(8) 28 U.SC. §§ 1346(b), 2671, Federal Tort Claims Act.

I. PREVIOUS LAWSUITS

A(4) *Reid v. Federal Bureau of Prisons*, 1:13-cv-2149-JTT-JDK (W.D. La. 2013) (USDJ name unavailable); (5) *Reid v. United States*, 1:14-cv-1163-LJO-MJS (E.D. Cal. 2014) (Hon. Lawrence J. O'Neill, USDJ); (6) *Reid v. Samuels*, 1:15-cv-375-RMC (D.DC 2015) (Hon. Rosemary M. Collyer, USDC); *Reid v. J.T. Shartle*, 4:15-cv-00083-TUC-BPV (Magistrate Judge Bernardo P. Velasco) (D. Ariz. 2015); (7) *Reid v. JANU Lockett, Warden, et al.*, 5:17-cv-324-Oc-10PRL (M.D. FL 2017) (Hon. Wm. Terrell Hodges, U.S.D. Sr. J.); (8) *Reid v. Bean*, 1:92-cv-3-SC (D. NH 1992) (USDJ name unavailable).[1]

---

[1] Plaintiff has no personal recollection of having filed this case (Bean) and no means of discovering whether he did. His only knowledge of this case is from *Reid v. Lockett*, supra, wherein he was accused of acting in bad faith because, in part, he did not list this case on his form Complaint.

Page 1A

_Attachment_

III. **Defendants** (cont. from page 2)

  (4) Name of fourth defendant: Lieutenant (FNU) Scampone
      Employed as: Lieutenant           at USP Lewisburg
      Mailing address: Post Office Box 1000, Lewisburg, PA 17837

  (5) Name of fifth defendant: John Doe #1
      Employed as: Lieutenant           at USP Lewisburg
      Mailing address: Post Office Box 1000, Lewisburg, PA 17837

  (6) Name of sixth defendant: John Doe #2
      Employed as: Lieutenant           at USP Lewisburg
      Mailing address: Post Office Box 1000, Lewisburg, PA 17837

  (7) Name of seventh defendant: John Doe #3
      Employed as: Lieutenant           at USP Lewisburg
      Mailing address: Post Office Box 1000, Lewisburg, PA 17837

  (8) Name of eighth defendant: John Doe #4
      Employed as: Lieutenant           at USP Lewisburg
      Mailing address: Post Office Box 1000, Lewisburg, PA 17837

  (9) Name of ninth defendant: John Doe #5
      Employed as: prison guard         at USP Lewisburg
      Mailing address: Post Office Box 1000, Lewisburg, PA 17837

  (10) Name of tenth defendant: Jessie Ayers
      Employed as: Physician's Asst.    at USP Lewisburg
      Mailing address: Post Office Box 1000, Lewisburg, PA 17837

  (11) Name of eleventh defendant: Jane Doe
      Employed as: Nurse                at USP Lewisburg
      Mailing address: Post Office Box 1000, Lewisburg, PA 17837

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution? ✓ Yes ___ No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims? ✓ Yes ___ No

C. If your answer to "B" is Yes:

1. What steps did you take? _I have previously (i.e. prior to the instant incident) grievanced the torturous use of restraints which were all denied_

2. What was the result? _All prior administrative remedies grievancing the illegal and torturous use of restraints was denied or defendant did not respond within the time required by law._

D. If your answer to "B" is No, explain why not: ___

## III. DEFENDANTS

(1) Name of first defendant: _Mark S. Inch, Director Fed. Bureau of Prisons_
Employed as _Director_ at _Federal Bureau of Prisons_
Mailing address: _320 First Street, NW, Washington, D.C. 20534_

(2) Name of second defendant: _David F. Ebbert_
Employed as _Warden_ at _United States Penitentiary ("USP") Lewisburg_
Mailing address: _Post Office Box 1000, Lewisburg, Pennsylvania 17837_

(3) Name of third defendant: _J. Rhodes_
Employed as _Captain of the Guards_ at _USP Lewisburg_
Mailing address: _Post Office Box 1000, Lewisburg, Pennsylvania 17837_ (cont. on Page 2A-2B)

(List any additional defendants, their employment, and addresses on extra sheets if necessary)

## IV. STATEMENT OF CLAIM

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets if necessary.)

1. _That Defendants, individually and singularly, or by combination, consort and agreement have used, and threaten the continued use of corporal punishment and torture by intentionally applying full, hard restraints in a manner and_

2

(12) Name of twelfth defendant: John Doe #6
   Employed as: Nurse   at USP Lewisburg
   Mailing address: Post Office Box 1000, Lewisburg, PA 17837

(13) Name of thirteenth defendant: A. Gilligan
   Employed as: prison guard   at USP Lewisburg
   Mailing address: Post Office Box 1000, Lewisburg, PA 17837

(14) United States of America

for a period of time calculated to cause pain, anguish and/or injury, and other contravention to the Code of Federal Regulations, federal statute, common law and the Constitution of the United States; that as a result of said conduct Plaintiff did suffer pain and anguish, injury, permanent scarring and nerve damage to his lower body.

2. 

<u>SUPPORTING FACTS:</u>

(a) Plaintiff, at all times specified herein unless otherwise specified, is a federal prisoner currently immured at USP Lewisburg, a facility that is a component part of the Federal Bureau of Prisons ("BOP").

(b) Under the Code of Federal Regulations and BOP Policy Statements prison officials are prohibited from chaining prisoners in full

cont. on ATTACHMENT PAGES 3A-3D )

## V. RELIEF

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. Plaintiff requests: (a) a Temporary Restraining Order, (b) Preliminary Injunction, and (c) Permanent Injunction prohibiting Defendants, and each of them, from unlawfully applying full hard restraints in contravention to the Code of Federal Regulations; and, in such case application is deemed appropriately applied, video documentation of the application and each two-hour examination and medical evaluation with Court review within 24 hours; and that Defendants be directed to provide full and immediate medical treatment for any pain & injury that may be caused by such application.

2. Compensatory damages in the amount of $2,000,000.00; Exemplary damages in the amount of $4,000,000.00, and interest, costs and fees, to include attorney costs and fees.

3

ATTACHMENT

IV. Statement of Claim (cont. from page 3)

(SUPPORTING FACTS)

hard restraints unless the prisoner is suicidal, violent or destroying government property, and soft restraints are inadequate.

(c) The Code of Federal Regulations and published BOP policy prohibit the use of full restraints for punitive purposes.

(d) The Code of Federal Regulations and published BOP policy specify and require that whenever a prisoner is placed in full restraints that he or she be evaluated every two hours, and for the prisoner to be released therefrom in the event s/he has ceased to engage in the above-enumerated conduct.

(e) On numerous occasions between 2010 and 2018 at BOP facilities other than USP Lewisburg located in Indiana, Louisiana, California, Arizona, and Florida, Plaintiff has observed BOP prison officials utilize full hard restraints against prisoners as a means of inflicting corporal punishment, and did so for reasons other than those specified above in subparagraph (b), supra.

(f) On a number of occasions at the above-specified facilities (sub-paragraph (e)) between 2010 and 2018, prison officials have resorted to the punitive misapplication of full hard restraints for reasons not permitted by the Code of Federal Regulations against Plaintiff's person.

(g) On each occasion Plaintiff was wrongfully placed in full restraints, prison officials would intentionally falsify the reason for Plaintiff's placement in full restraints, and would thereafter continue

Page 3.A

to write false two-hour evaluations in order to extend his placement in restraints for anywhere between approximately 24 hours to 72 hours.

(h) On each occasion Plaintiff was wrongfully placed in full hard restraints as above-referenced (subparagraphs (e) through (g), supra) prisons officials did purposely and intentionally use small sized handcuffs which they knew to be too small, for the purpose of inflicting pain and injury.

(i) On each occasion Plaintiff was wrongfully placed in full hard restraints as above referenced (subparagraphs (e) through (g), supra) prison official did purposely and intentionally:

(1) affix the restraints excessively tight;

(2) locked Plaintiff in an unsanitary cell typically with feces and urine on the doors, walls, and/or ceiling, among other places.

(j) As a result of the above described conduct, Plaintiff has been injured and suffered pain and anguish, humiliation and dehumanization.

(k) On several occasions between, approximately, 2012 and 2017, Plaintiff has filed Administrative Remedy grievancing the above referenced unlawful misapplication of full hard restraints, to no avail.

United States Penitentiary Lewisburg

(l) On March 20, 2018, prison guard A. Gilligan did intentionally and purposely falsely claim in a Incident Report that Plaintiff verbally threatened him when he had not done anything of the sort.

(m) A. Gilligan made the false assertion because he desired, and/or knew that his superiors desired, to place Plaintiff in full, hard restraints for reasons not permitted under the Code of Federal Regulations and published BOP policy to include the infliction of corporal punishment.

Page 3.B.

(n) On at least one occasion prior to March 20, 2018, Plaintiff observed prison official(s) falsely accuse another prisoner of threatening staff in order to fabricate a basis for activating the Use of Force Team ("UOF team") and placing him full, hard restraints, at USP Lewisburg.

(o) It is in fact the practice of prison officials to make spurious allegations involving threats against staff to justify their unlawful placement of prisoners in full, hard restraints, which Plaintiff has repeatedly observed during his term of confinement in the BOP, and has happened to him.

(p) On March 20, 2018, prison officials, to include Lieutenant Scampone, did affix full hard restraints to Plaintiff's person that was too small and tight, for the purpose of inflicting pain and injury.

(q) That Lieutenant Scampone and other John Doe Defendants did intentionally and purposefully affix the full hard restraints on Plaintiff's person in a manner calculated to cause pain and anguish, and as direct and proximate result the handcuffs cut into Plaintiff's wrist and became embedded in the wounds; Plaintiff's wrist and hands also became swollen and the waist chain bit into his waist.

(r) That Lieutenant Scampone and other John Doe Defendants repeatedly falsified their two hour evaluations in order to fabricate a basis upon which to extend Plaintiff's placement in full, hard restraints until the next day.

(s) On several occasions the John Doe Lieutenants, with the design and purpose of causing further pain and anguish, did brutally yank the the handcuffs (which had become embedded in the wounds) down Plaintiff's swollen wrists, aggravating the wounds by tearing more skin away from flesh and causing so much pain Plaintiff literally saw nothing but red.

Page 3.C.

(t) Defendant Lieutenant Scampone did cause Plaintiff to be stripped naked in full view of staff of the opposite sex, and to be placed in an unsanitary cell infested with ants and other insects all with the purpose of dehumanizing and humiliating Plaintiff.

(u) In the early morning hours of the next day between 3:00 and 4:00 a.m., while still brutally chained in full hard restraints in the aforesaid unsanitary cell, John Doe #5 sprayed pepper spray (perhaps oleoresin capsicum) into the cell causing Plaintiff difficulty in breathing, his nose to run and eyes to burn for approximately 15 to 20 minutes.

(v) Throughout the above described tribulation Plaintiff was, on several separate occasions individually examined by Physician Assistant Jessie Ayers, Nurse John Doe, and Nurse Jane Doe, all of whom observed the brutal manner in which the restraints had been applied and the anguish and agony caused thereby, but refused to recommend a cessation of the mistreatment of Plaintiff's person, or/and treatment for injuries.

(w) At least Nurses John Doe and Jane Doe, and Physician's Assistant Jessie Ayers, observed the wounds caused by the above-referenced unlawful and brutal application of restraints, but thereupon refused to treat said injuries as a result of which the handcuffs became embedded in the wounds which also became infected.

(x) As a result of Defendants' conduct Plaintiff suffered pain and agony without cessation for 24 hours, injuries to both wrists, and permanent scarring.

(y) As a direct and proximate result of Defendants' conduct Plaintiff has suffered nerve damage that continues to cause him pain and has crippled him.

Page 3B.

3. _Such other and further relief as is just, equitable and fair._

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __26th__ day of __October__, 20__18__.

_____
(Signature of Plaintiff)

4

Gordon C. Reid  Reg. No. 02540-049
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

October 29, 2018

Clerk's Office
U.S. District Court
M.D. Pennsylvania
235 North Washington Avenue
P.O.B. 1148
Scranton, PA 18501-1148

Re: Filing Prisoner Complaint w/IFP application

Dear Madam or Sir:

    Please find enclosed herewith for filing on behalf of this Plaintiff the following documents:

1. Civil Complaint (w/copy to be returned "Stamp filed");
2. And "USM-285," "AO 398," and "AO 399" forms for each of the following:
    (a) Mark Inch,
    (b) David J. Ebbert,
    (c) J. Rhodes
    (d) Lieutenant Scampone

Page 1 of 2

(e) R. Gilligan, S.O.,
(f) Jessie Ayers,
(g) Attorney General
(h) U.S. Attorney for the M.D. of Pennsylvania

3. Also find enclosed the BO 240 form "Application to Proceed in District Court Without Prepaying Fees and Costs (Short Form)," together with a "Inmate Statement" (6 mo. prisoner trust fund statement).

4. I will very much appreciate you filing these documents with the court and returning the extra copy to me stamped "filed."

Very truly yours,

Gordon C. Reid
Gordon C. Reid

Inmate Name: Gordon Reid
Register Number: 02540-048
United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

RECEIVED
SCRANTON
OCT 2 9 2018
PER _____ DEPUTY CLERK

* Special Mail *

Clerk
United
For the
235
P.O.
Scranton