UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GORDON C. REID, : | CIVIL ACTION NO. 3:18-2101 |
| Plaintiff : | |
| v. : | (JUDGE MANNION) |
| MARK INCH, *et al.*, : | |
| Defendants : | |

# MEMORANDUM

## I. Background

Plaintiff, an inmate formerly confined at United States Penitentiary, Lewisburg, Pennsylvania[1], filed the above action pursuant to Bivens[2] and the Federal Tort Claims Act (FTCA), 28 U.S.C. §1346. The action proceeds, via an amended complaint, filed on April 19, 2019. (Doc. 21). The named Defendants are Director Mark Inch, Warden David J. Ebbert, Captain Jay Rhodes, Lieutenant Camden Scampone, Mid-level Provider J. Ayers, Maintenance Worker Foreman Anthony Gilligan, the United States of America, six John Doe defendants, and one Jane Doe defendant. Id. Reid

---

[1] Plaintiff is currently confined in the Big Sandy United States Penitentiary, Inez, Kentucky.
[2] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

alleges that on March 20, 2018, Defendant Gilligan made a false incident report to justify putting Reid in restraints. Id. He further contends that unidentified individuals applied handcuffs too tight, causing wrist wounds and hand swelling under the supervision of Lieutenant Scampone. Id. Finally, Reid claims that he was stripped in front of female staff, placed in a cell infested with ants and other insects, wrongfully subjected to oleoresin capsicum spray, and that Mid-level Provider Myers and other unidentified medical staff saw and refused to treat his injuries. Id.

On June 18, 2019, Defendants filed a motion to dismiss and for summary judgment (Doc. 31), and on July 1, 2019, Defendants filed a brief in support of their motion. (Doc. 37). Plaintiff has not yet filed a brief in opposition to the Defendants' motion to dismiss and for summary judgment.

Presently before the Court are Plaintiff's second motion for enlargement of time within which to file a brief in opposition to Defendants' motion to dismiss and for summary judgment, (Doc. 59), Plaintiff's motion to waive briefing with respect to motion for order compelling return of documents (Doc. 61), Plaintiff's motion for enlargement of time within which to complete discovery (Doc. 63), Plaintiff's motion to withdraw motion for order (Doc. 64), motion for reconsideration of this Court's Order deeming Plaintiff's motion to complete discovery as withdrawn for failure to file a

supporting brief (Doc. 70), Plaintiff's motion for order compelling discovery (Doc. 72), Plaintiff's motion for procedural order (Doc. 101), Plaintiff's motion to amend (Doc. 103), and Plaintiff's motion for hearing and adjudication on Plaintiff's motion for order compelling disclosures. (Doc. 107).

II. <u>Discussion</u>

**A. Motion for Leave to File Second Amended Complaint**

In Plaintiff's motion for leave to file a second amended complaint (Doc. 104), Plaintiff seeks to "drop Defendant Captain J. Rhodes and substitute in lieu thereof, Deputy Captain J.D. Konkle, also substitute lieutenants B. Shark, N. Carpenter, first name unknown ('fnu') Beechel and fnu Dawkins, in lieu of the former four John Doe lieutenant defendants numbered 1-4; and S. Dees and M. Barner in lieu of the former 'Jane Doe' and 'John Doe No. 6' defendants." <u>Id</u>. Plaintiff also seeks to "add D. Colbert and L. Potter whose tortious conduct he was not cognizant of at the time the complaint and first amended complaint was filed." <u>Id</u>. Finally, Plaintiff "reinterpolates his claim against former Defendant 'John Doe No. 5' as 'John Doe." <u>Id</u>. In support of his motion for leave to amend, Plaintiff states although "from the inception of this action Plaintiff has sought to serve the Captain at USP-Lewisburg and five (5) of his lieutenants, the Captain was mistakenly identified as 'J.

- 3 -

Rhodes' and because Plaintiff knew the identity of only one lieutenant (i.e. 'C. Scampone') he referred to the four other lieutenants as 'Doe' defendants", as "he did not know the true identity of the Captain until Defendants' filing of their brief in support of motion to dismiss and for summary judgment." Id. Plaintiff claims, however, that a few days after receiving Defendants' brief in support of their motion to dismiss and for summary judgment, Plaintiff's legal materials, including Defendants' brief, were seized, and were not returned until December 10, 2020, only to be "unexpectedly seized" again on January 22, 2020 and not returned until April 30, 2020. Id.

Plaintiff has attached a proposed second amended complaint to his motion in compliance with Local Rule 15.1(a).  Defendants have not filed an oppositional brief.

Generally, leave to amend a pleading pursuant to Federal Rule of Civil Procedure 15(a) should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a court need not grant leave to amend in the presence of bad faith, undue delay, undue prejudice, or futility. See Diaz v. Palakovich, 448 Fed.Appx. 211, 215-16 (3d Cir. 2011) (citing Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000)); see also Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993). "Delay becomes 'undue,' and thereby creates grounds for the district court to refuse leave, when it places an unwarranted

- 4 -

burden on the court or when the plaintiff has had previous opportunities to amend." Bjorgung v. Whitetail Resort, LP, 550 F.3d 263, 266 (3d Cir. 2008) (citation omitted).  Even where there is no undue delay, prejudice to the non-moving party remains the touchstone for the denial of a motion to amend. Arthur v. Maersk, Inc., 434 F.3d 196, 202 (3d Cir. 2006). The court must consider whether granting leave to amend the complaint "would result in additional discovery, cost, and preparation to defend against new facts or new theories." Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001). An amendment is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

    In review of the record and the proposed second amended complaint, the Court does not find any basis to conclude that Plaintiff unreasonably delayed seeking to amend the Complaint, or that his efforts to amend were motivated by bad faith or to prejudice the opposing parties. See Adams v. Gould, Inc., 739 F.2d 858, 864 (3d Cir. 1984). Moreover, Defendants have not filed a brief in opposition to Plaintiff's motion for leave to file a second amended complaint. Accordingly, the Court will grant Plaintiff's motion to amend (Doc. 103), permit the second amended complaint to be filed and will direct the Defendants to respond. Because the second amended complaint

adds new Defendants to this action, the Clerk of Court will be directed to amend the caption of the complaint to reflect only those Defendants named in Plaintiff's second amended complaint.

The granting of Plaintiff's motion for leave to amend will thus render Defendants' motion to dismiss and for summary judgment (Doc. 31), moot. Accordingly, the Court will dismiss the pending motion to dismiss and for summary judgment relating to Plaintiff's first amended complaint as moot, but without prejudice to renewal.

**B. Motion for Extension of Time to file Brief in Opposition to Defendants' Motion to Dismiss and For Summary Judgment**

Because the Court is granting Plaintiff's motion for leave to file a second amended complaint, this amended pleading will supersede the prior complaint and render it of no legal effect. See Knight v. Wapinsky, No. 12-CV-2023, 2013 WL 786339, at *3 (M.D. Pa. March. 1, 2013); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure §1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies.... Once an amended pleading is interposed, the original pleading no longer performs any function in the case...."). Accordingly, Defendants' motion to dismiss and for summary judgment (Doc. 31) is rendered moot. As such, Plaintiff's second motion for an extension of time to

- 6 -

file a brief in opposition to Defendants' motion to dismiss and for summary judgment (Doc. 59) is also rendered moot. Additionally, Plaintiff's motion to waive briefing requirement with respect to motion for order compelling return of documents (Doc. 61), and motion to withdraw motion for order compelling return of documents (Doc. 64), will be dismissed as moot as Plaintiff states that his documents have been returned to him. Id.

### C. Remaining Motions

Plaintiffs' motion for enlargement of time to complete discovery (Doc. 63), motion for reconsideration of this Court's order on Plaintiff's motion for extension of time to complete discovery (Doc. 70), motion for order compelling discovery (Doc. 72) and motion for hearing and adjudication of Plaintiff's motion for order compelling disclosures (Doc. 107) will be dismissed without prejudice to renewal after service of the second amended complaint. Based on the foregoing, Plaintiff's motion for a procedural order (Doc. 101) will be dismissed as moot.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: October 28, 2020**
18-2101-01